# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| DIANE BAIR, ) | |
| ) | |
| Plaintiff, ) | No. 15 cv 102 EJM |
| vs. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN, ) | |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416, 423. Briefing concluded April 19, 2016. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for the calculation and payment of benefits.

This is the third time this case has come up on appeal from the Agency. Plaintiff first filed for DIB and SSI almost ten years ago, on June 14, 2006, when she was 52 years old. (Tr. 127-131, 132-139, 151). She alleged disability beginning on September 15, 2003, due to schizophrenia (Tr. 127, 150, 156).

The Administrative Law Judge (ALJ) held the first administrative hearing on September 17, 2008 (Tr. 23-70, 96-99). On February 25, 2009, the ALJ issued an unfavorable decision denying benefits (Tr. 7-22). On June 15, 2011, plaintiff filed a complaint seeking judicial review, and on March 15, 2012, this court reversed the

Agency and remanded plaintiff's claim for further proceedings (Tr. 491-493). On November 30, 2012, after a second administrative hearing, the ALJ issued a decision again finding that plaintiff was not disabled (Tr. 411-432, 433-470). On July 10, 2014 this court again reversed and remanded her claim for further proceedings (Tr. 756-760). A third administrative hearing was held on February 24, 2015. (Tr. 703-729, 914). On May 29, 2015, the ALJ issued a decision once again finding that plaintiff was not disabled (Tr. 669-694). The ALJ found that, given this RFC, plaintiff could not perform her past relevant work (Tr. 681), but that plaintiff could perform other work existing in significant numbers in the national economy (Tr. 682).

Plaintiff asserts that (1) she meets the requirements of "Special Profile" SSR 82-63 which requires the ALJ to find disability, and (2) the ALJ improperly assessed the opinion of Donald St. John, a physician's assistant. Plaintiff thus asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision...Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992).

Social Security Resolution 82-63 states that:

> Generally, where an individual of advanced age with no relevant work experience has a limited education or less, a finding of an inability to make a vocational adjustment to substantial work will be made, provided his or her impairment(s) is severe, i.e., significantly limits his or her physical or mental capacity to perform basic work-related functions. In the cases involving individuals of advanced age, the only medical issue is the existence of a severe medically determinable impairment. The only vocational issues are advanced age, limited education or less, and absence of relevant work experience. With affirmative findings of fact, the conclusion would generally follow that the claimant or beneficiary is under a disability. SSR 82-63.

Thus, the second "special profile" in Social Security Ruling 82-63, 20 C.F.R. § 404.1562, provides that a claimant is disabled if he/she is:

- Is of "advanced age" (i.e., are at least 55 years old);
- Has a "severe," medically determinable impairment(s);
- Has a "limited" education or less (i.e., generally, an 11th grade education; and
- Has no recent and relevant work experience.

The court shall examine each of these four factors.

1. <u>Advanced Age</u>

The ALJ specifically noted the claimant was born in 1953. (Tr. 673). Her amended onset date is October 2008. (Tr. 673). This coincides with her 55th birthday. (Tr. 681). At all times relevant to this appeal, therefore, the claimant was 55 years old. The ALJ found that, applying the Medical-Vocational Guidelines non-mechanically, Bair was "advanced age." (Tr. 26).

3

2. "Severe" medically determinable impairment(s)

The ALJ found Bair has "severe" impairments, including schizoaffective disorder and borderline to low average intellectual functioning. (Tr. 675).

3. Education

There is an issue here. Bair dropped out of high school in the eighth grade after getting pregnant and later getting married. She does, however, have a general education degree (GED.) The attainment of a GED is not dispositive of the issue as a matter of law. See 20 C.F.R. §404.1564(b) (the numerical grade level that you completed in school may not represent your actual educational abilities), 20 C.F.R. §416.964(b) (same). Bair claims that she is essentially illiterate as a result of her mental impairment. (Tr. 14; see Tr. 268, 388).

The three ALJ decisions from this case all recognize Bair's academic difficulties. After the first hearing, ALJ Hamilton found:

> *The work should have no requirement to read instructions, write reports, or do math calculations.*

(Tr. 14). After the second hearing, ALJ Draper concluded:

> *[T]here should be no reports to write during the performance of work, or instructions to read on a continuing basis to be able to perform the work.*

(Tr. 418). ALJ Draper made a similar finding after the third hearing. (Tr. 677).

4

Psychological testing also demonstrates Bair has a "limited" education. IQ testing from March 2006 revealed the claimant's Verbal Scale IQ was 59, Performance Scale IQ was 74, and Full Scale IQ was 62, placing her in the lowest 2% of the population. See Griffith v. Comm'r of Soc.Sec., 582 F. App'x 555, 556-57 (6th Cir. 2014). On the Wide Range Achievement Test (Third Ed.), the claimant scored 61 in Reading and 57 in Spelling. The neuropsychologist, Dr. John D. Bayless, concluded:

> *Importantly, reading and spelling skills showed relatively severe impairment as well, below the 1st percentile for the general population (third and second grade levels, respectively).*

(Tr. 268). As part of that same hospitalization, Judy Trollinger, an occupational therapist, wrote:

> *The supervisor should demonstrate all new tasks, one step at a time, and establish a routine that can be followed inflexibly. Post simple notes and reminders at eye level but avoid requiring any other reading. Allow extra time to learn new tasks and allow twice the normal work rate to get the job done. Provide standby supervision while working and separate talking from working. Do not expect the patient to be aware of the needs of others.*

(Tr. 267). Similarly, another occupational therapist recommended:

> *Patient may be successful at supportive employment with the following restrictions: limit work hours to 2-3 hours per day; allow 2-3 times the normal rate to get the job done; demonstrate, one step at a time, how to do a new task; provide standby supervision while working; do not require reading to obtain new information or to provide reminders.*

(Tr. 272).

In January 2009, almost three years after the claimant's hospitalization and when her condition had stabilized, Dr. Harlan Stientjes found Bair's Full Scale IQ was 81, placing her in the lowest 10% of the population. Dr. Stientjes confirmed Dr. Bayless's assessment of the claimant's academic skills, finding Bair's Reading score was 68 (placing her in the lowest 2% of the population), her Spelling score was 65 (1st percentile), and her Arithmetic score was 90 (9th percentile). (See Tr. 388). The record overwhelmingly shows Bair has a "limited" education, not a high school education.

The ALJ's finding that Bair has the equivalent of a high school education is inconsistent with her finding that Bair is not able to read instructions and objective testing, is inconsistent with the great weight of the record in this case, and is contrary to law. The ALJ specifically noted activities like "crocheting, reading, playing electronic poker, doing housework, volunteering weekly, going with her sister to grocery shop, and visiting her daughter." (Tr. 679). These activities generally do not require a high school education. As to reading, even an individual with mild mental retardation (now referred to as "intellectual disability") can acquire academic skills up to approximately the sixth grade level. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 43 (4th ed. 1994). The ALJ failed to identify any evidence, other than the GED obtained years ago, to support her finding that Bair has a high school level education. This is just not enough. Under these circumstances, it is necessary to consider the claimant as having a "limited" education (or less). See 20 C.F.R. §404.1564(b).

The ALJ went on to find that Bair was capable of performing unskilled work. (Tr. 683). Neither the regulation nor the Ruling include an exception for individuals with a limited education who are able to perform unskilled work in these circumstances. Cf. 20 C.F.R. §404.1562(b), 20 C.F.R. §416.962(b); Social Security Ruling 82-63.

4. No Recent and Relevant Work Experience.

For the limited purpose of the "special profiles" in Social Security Ruling 82-63, the definition of "recent and relevant work" is not the same as "past relevant work." Cf. 20 C.F.R. §416.960(b). Social Security Ruling 82-63 defines "recent and relevant work" as follows:

> *Generally, individuals are considered as having no recent and relevant work experience when they have either performed no work activity within the 15-year period prior to the point at which the claim is being considered for adjudication, or the work activity performed within this 15-year period does not (on the basis of job content, recency, or duration) enhance present work capability.*

Social Security Ruling 82-63 (emphasis added). That Ruling continues later:

> *Also, periods of semiskilled or skilled work may come within the provisions of these regulations if it is clear that the skill acquired is not readily transferable to lighter work and makes no meaningful contribution to the person's ability to do any work within his or her present functional capacity.*

Social Security Ruling 82-63. This Ruling is an authoritative interpretation of the Commissioner's policy in this regard:

> *The original instruction for this profile dates back to a policy decision of July 7, 1975. In 1982, we incorporated this profile into Social*

7

> *Security Ruling 82-63, "Titles II and XVI: Medical-Vocational Profiles Showing an Inability To Make an Adjustment to Other Work" (see Social Security Rulings, Cumulative Edition, 1982, page 205). Therefore, the proposed rule would only incorporate our longstanding policy interpretation into our regulations.*

67 Fed. Reg. 39,904, 39,909 (June 11, 2002) (proposed rules); 68 Fed. Reg. 51,153, 51,159 (August 26, 2003) (final rules). Social Security Rulings are binding on the Social Security Administration. Andler v. Chater, 100 F.3d 1389, 1393 n.5 (8th Cir. 1996); Newton v. Chater, 92 F.3d 688, 693-94 (8th Cir. 1996). Social Security Ruling 82-63, is the law. The court finds that Bair does not have any relevant work experience.

The Eighth Circuit considered another "special profile" from Social Security Ruling 82-63, the "worn-out worker" rule.[1] The Court observed that the ruling states, "[i]solated, brief, or remote periods of experience in semiskilled or skilled work" did not preclude the applicability of these "special profiles" when the skill acquired was not readily transferable to lighter work and made no meaningful contribution to the person's ability to do any work within his present functional capacity. Walston v. Sullivan, 956 F.2d 768, 772 (8th Cir. 1992), citing Social Security Ruling 82-63. The Court held:

> *The record thus indicates that the skilled and semi-skilled work Walston performed resulted in no skills which are transferable either to work presently existing in the national economy or to work within*

---

[1] The "worn-out worker" rule is now in the regulations as well: "*If you have only a marginal education and work experience of 35 years or more during which you did arduous unskilled physical labor, and you are not working and are no longer able to do this kind of work because of a severe impairment(s), we will consider you unable to do lighter work, and therefore, disabled.*" 20 C.F.R. § 404.1562

8

*Walston's present residual functional capacity. The ALJ therefore erred in concluding that Walston's previous periods of skilled work precluded a finding of disability under section 404.1562.*

Walston v. Sullivan, 956 F.2d at 773. Similarly, in this case, the vocational expert testified that Bair had no transferable skills. (Tr. 67) The conclusion is the same: the claimant's work did not preclude application of the "special profile." See also Morris v. Sullivan, 968 F. 2d 20 (10th Cir. 1992); Farmer v. Apfel, 202 F.3d 268 (6th Cir. 2000) (table).

In a strikingly similar case in 2012, the District of Maryland found that the ALJ committed an error of law in concluding that this "special profile" did not apply to the plaintiff's case as the record clearly established that the claimant had work experience performed within the fifteen year period. Kendall v. Astrue, 906 F. Supp. 2d 433, 439 (D. Md. 2012). The Court found the ALJ failed to apply the Ruling's definition of "no recent and relevant work experience," which focused on whether the work experience enhanced present job capability. This was especially problematic given the ALJ's finding of fact that the plaintiff had no transferable skills from any past relevant work, as is the case here. Id.

Lastly, the Commissioner argues that SSR 82-63 suggests, but does not mandate, an outcome. See SSR 82-63 (noting that there should generally be a finding of disability where the claimant is of advanced age, has a limited education or less, and no relevant work experience); accord Frames v. Barnhart, 156 F. App'x 688, 692 (5th Cir. 2005) (unpublished) (because the language of SSR 82-63 is permissive, ALJ's failure to consider the ruling did not constitute reversible error).

9

Here, the Commissioner asserts the ALJ acted within his discretion to find that plaintiff fell outside the category of "disabled" and that, despite SSR 82-63, the ALJ's decision was supported by substantial evidence.

Bair disagrees with the Commissioner as to whether meeting SSR 82-63 requires irrefutably a finding of disability, or just creates a presumption of disability. Evidently the regulations are unclear in this narrow regard. See 20 C.F.R §404.1562 (b)("...we will find you disabled.") But it does not matter in this case. Even if only a presumption of disability is created, there is nothing in the record to overcome that presumption. Nor does the Commissioner point to anything, other than the ALJ's general discretion. The court finds that there is no evidence in the record to overcome what is at least the presumption of disability once Bair has shown that she meets the requirements of SSR 82-63. Bair is thus disabled.

Regarding whether this case should be remanded just for further proceedings or for the calculation and payment of benefits, it must be remembered that this is the third time this court has remanded this case back to the Commissioner, and each time the Commissioner issued a new opinion denying benefits which decision had to be reversed. This claimant has waited ten years to receive her benefits. Remand for the calculation and payment of benefits is required. Kendall, supra; Buckner v. Apfel, 213 F.3d 1006 (8th Cir. 2000.)

It is therefore

ORDERED

Reversed and remanded for calculation and payment of benefits.

April 27, 2016

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT